## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**MAHAMOUD ALLI,**

     **Plaintiff,**

**v.**                                                                 **Case No: 5:20-cv-556-ACC-PRL**

**ROBERT GREEN,**

     **Defendant.**

_____

### ORDER

The parties in this case scheduled mediation to be conducted on March 8, 2022, over Zoom. Defendant Robert Green failed to appear, although his attorney, counsel for the Sheriff's Risk Management Fund, and assistant general counsel for the Lake County Sherriff appeared. The parties reached an impasse. (Doc. 21)

Plaintiff has now filed the instant motion for sanctions to be imposed against Green for his failure to appear. (Doc. 20). Specifically, Plaintiff requests (1) payment for Plaintiff's mediator expenses and attorney's fees for drafting the instant motion; (2) that Green be prohibited from supporting or opposing designated defenses; (3) that pleadings be stricken in whole or in part; and (4) that Green's failure to appear be treated as contempt of court.

The Amended Case Management and Scheduling Order (Doc. 17) provides:

Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

On motion or on its own, the court may issue sanctions for a party or its attorney's failure to obey a scheduling order. Fed. R. Civ. P. 16(f)(1)(C). Instead of or in addition to any other sanction, the Court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance . . . unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

While some courts have imposed sanctions for a party's failure to appear at mediation, s*ee, e.g.*, *Redish v. Blair*, No. 5:14-CV-260-OC, 2015 WL 5190585, at *2 (M.D. Fla. Sept. 4, 2015) (finding plaintiff's failure to attend mediation not substantially justified when her mobile telephone was not working), other courts have found sanctions not warranted where counsel for the absent party attended the mediation with full settlement authority. *See Publix Super Markets, Inc. v. Figareau*, No. 8:19-CV-545-T-27AEP, 2020 WL 2331781, at *2 (M.D. Fla. May 11, 2020); *see also Ceus v. City of Tampa*, 803 F. App'x 235, 251 (11th Cir. 2020) (declining to impose sanctions, finding that "[w]hile [the plaintiff] and his counsel did violate this Court's rules, there is no evidence of bad faith.").

It is undisputed that Green did not attend the mediation as he was ordered to do. However, Green's failure to attend mediation was substantially justified as he had a severe stomach illness and was unable to notify his attorney as a result. (Doc. 22-1). Although Plaintiff claims that Green's absence prevented any possible chance of conducting meaningful settlement discussions, Green's counsel had full settlement authority at the mediation. Additionally, there is no evidence that Green acted in bad faith by failing to attend the mediation.

Accordingly, Plaintiff's motion for sanctions (Doc. 20) is due to be denied.

**DONE** and **ORDERED** in Ocala, Florida on April 7, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties